B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Rehana Naz Qazi | **DEFENDANTS** <br> Winward Bora LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Ehsanul Habib Esq (EH0776) <br> Poltizlou & Habib LLP <br> 118-20 Queens Blvd Ste 603, Forest Hills, NY 11375 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Reclassify Second Mortgage from Secured to Unsecure (cram down)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Rehana Naz Qazi | BANKRUPTCY CASE NO.<br>19-75114 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISION OFFICE<br>Central Islip | NAME OF JUDGE<br>Hon. Scarcella | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Ehsanul Habib* | | | |
| DATE<br>08/27/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ehsanul Habib Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)
------------------------------------------------------------------------------X
In Re:

                                                                                                            CHAPTER 13

REHANA NAZ QAZI,                                     Case No. 8-19-75114-las
                            Debtor(s)

                                                                                                          **COMPLAINT**
------------------------------------------------------------------------------X
REHANA NAZ QAZI,                                       Adv. No.

                              Plaintiff

   -against-

                                                                                Case Assigned to:
                                                                                Honorable Louis A. Scarcella

WINWARD BORA LLC,

                              Defendant.
------------------------------------------------------------------------------X

        Plaintiff REHANA NAZ QAZI, the debtor herein, by her counsel, Poltielov & Habib, LLP as and for her complaint against WINDWARD BORA LLC, respectfully alleges as follows:

## JURISDICTION and VENUE

        1.     This is an action under 11 U.S.C. §506(a) and 506(d) and Federal Rules of Bankruptcy Procedure Rules 3012, 6009 and 7001 et seq. determining the extent to which the claim of WINDWARD BORA LLC, is secured and unsecured, and relegating such creditor to the status of an unsecured creditor to the extent such claim is not an allowed secured claim pursuant to 11 U.S.C. §1322(b)(1) and 1322 (b)(5). This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 157 and 1334, and 28 U.S.C. §1471, as made applicable by §405(b) of Public Law 95-598.

        2.     This Court has venue pursuant to 28 U.S.C. §1409(a) insofar as Debtor filed on July 22, 2019, in this district a petition for relief under Chapter 13 of the Bankruptcy Code.

3.  Each of the causes of action in this proceeding are "core proceeding" within the meaning of § 157(b)(2).

## PARTIES TO THIS ACTION

4.  Plaintiff REHANA NAZ QAZI resides at 27 Bellwood Drive, New Hyde Park, NY 11040 ("Subject Property"). She filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 22, 2019 (the "filing date").

5.  Upon information and belief, the basis of which is information provided by the Debtor that WINDWARD BORA LLC have correspondence address as 1688 Meridian Avenue, 7th Floor, Miami Beach, FL 33139.

## BACKGROUND

6.  Debtor owns real property located at 27 Bellwood Drive, New Hyde Park, NY 11040. The value of the property is $530,000. A copy of an appraisal report from a licensed appraiser is annexed hereto and marked as Exhibit "A".

7.  Towd Point Mortgage Trust 2017-4, U.S Bank National Association, as Indenture Trustee and serviced by Select Portfolio Servicing, ("Towd Point") holds the first mortgage on the property.

8.  Upon information and belief, the source of which is the Debtor's mortgage statement and the foreclosure summons and complaint filed by Towd Point and attached hereto and annexed as Exhibit "B", Towd Point, (1st Mortgagee) is owed approximately $580,000.

9.  WINDWARD BORA LLC hold the second mortgage which is subordinate to Towd Point's mortgage on the subject real property. Upon information and belief, the source of which is the debtor and copy of the summons and complaint in foreclosure action and are

annexed hereto and marked as Exhibit "C", WINDWARD BORA LLC, is owed approximately $331,758.

## FIRST CAUSE OF ACTION

10. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 9 as if set forth fully herein.

11. The total amount due on the first mortgage is $580,000. The value of the property is $530,000. There is no equity in the property to secure a second mortgage.

12. The second mortgage held by WINDWARD BORA LLC, has a secured claim pursuant to 11 U.S.C §506(a) only to the extent of the value of its collateral, as unsecured claim for the balance. Given its claim is unsecured in full, it is submitted its claim is unsecured in full pursuant to 11U.S.C. §1322(b)(1).

## SECOND CAUSE OF ACTION

13. Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 12 as if set forth fully herein.

14. Pursuant to 11 U.S.C. §506(d) to the extent a lien secures a claim against debtor that is not an allowed secured claim, such lien is void.

15. As the claim herein must be determined to be unsecured in total, the lien related to such claim must be avoided in total.

WHEREFORE, it is respectfully requested that an Order of this Court issue pursuant to 11 U.S.C §§506(a), 1322(b)(5) and Federal Rules of Bankruptcy Procedure Rules 3012, 6009 and 7001 et seq. Determining the extent to which the claim of WINDWARD BORA LLC, under mortgage dated August 22, 2007, made by Barkuzzaman Qazi and Rehana N. Qazi to National City Bank in the sum of $212,000, recorded on September 5, 2007, in Liber 32294, Page 122 in

the Nassau County Clerk's Office and assigned through corporate assignment of mortgage to WINDWARD BORA LLC on January 31, 2018, is secured or unsecured, and relegating such creditor to the status of an unsecured creditor to the extent such claim is not an allowed secured claim and voiding the mortgage lien and for which other and further relief as this Court may deem just and proper.

Dated: Forest Hills, New York
       August 27, 2019

    /s/ Ehsanul Habib, Esq.
Ehsanul Habib, Esq. (EH0776)
POLTIELOV & HABIB, LLP
118-21 Queens Blvd., Suite 603
Forest Hills, NY 11375
(718)520-0085