

**HASBANI &
LIGHT, P.C.**

ATTORNEYS AT LAW

450 Seventh Ave
Suite 1408
New York, NY 10123

Barry M. Golden
T. 212.643.6677
F. 347.491.4048
bgolden@hasbanilight.com

*Licensed in NY*

April 27, 2020

**<u>VIA ECF</u>**
Hon. Louis A. Scarcella
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

      RE:    Rehana Naz Qazi v. Windward Bora, LLC
             Adv. Proc. No. 8-19-08100-las
             Discovery Update

Dear Honorable Judge Scarcella:

We are counsel for Defendant Windward Bora, LLC ("Defendant") in the above referenced action (the "Instant Action"). We write in advance of the upcoming post discovery conference currently scheduled for May 5, 2020 (the "May 5 Post-Discovery Conference). Pursuant to Your Honor's November 13, 2019 scheduling order (the "November 19 Scheduling Order") and February 14, 2020 order extending discovery deadline (the "February 14 Extension Order"), Defendant writes to update the Court on the status of discovery in the Instant Action. Defendant is submitting this letter without Plaintiff's consent because Plaintiff has repeatedly ignored Defendant's emails and telephone calls.

Plaintiff Rehana Naz Qazi ("Plaintiff") failed to respond to our discovery demands by the April 15, 2020 deadline (the "April 15 Discovery Deadline") ordered by Your Honor's February 14 Extension Order. Therefore, Defendant writes to inform the Court of Defendant's intention to file a motion to compel Plaintiff to respond to Defendant's discovery demands, which were sent to Plaintiff on January 3, 2020 (the "Discovery Demands").

Pursuant to Fed. R. Civ. P. 37(a), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See,* Fed. R. Civ. P. 37(a)(1). "A motion for an order to a party must be made in the court where the action is pending.

A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." *See,* Fed. R. Civ. P. 37(a)(2).

Pursuant to Fed. R. Civ P. 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if…(iii) a party fails to answer an interrogatory submitted under Rule 33…" *See,* Fed. R. Civ. P. 37(a)(3)(B)(iii).

Defendant sent Plaintiff the Discovery Demands on January 3, 2020. Plaintiff has not responded to the Discovery Demands despite multiple requests from Defendant. Despite multiple assurances from Plaintiff that Defendant would be receiving responses to the Discovery Demands (the "Discovery Responses"), Plaintiff has failed time and again to provide the Discovery Responses. On April 20, 2020, five days after the April 15 Discovery Deadline, Defendant reached out once again to confer with Plaintiff and try to resolve the issue. Plaintiff responded by promising that Defendant would receive the Discovery Responses by Friday, April 25, 2020. When Plaintiff failed to provide Discovery Responses by April 25, Defendant once again reached out inquiring about the Discovery Responses. Plaintiff has not yet responded to Defendant's latest inquiry. True and correct copies of the full email exchange between Plaintiff and Defendant is attached hereto as **Exhibit A**.

Plaintiff has had the Discovery Demands for months and have not yet provided Discovery Responses, despite multiples promises to do so. Therefore, at the upcoming May 5 Post-Discovery Conference, Defendant will discuss their intention to file a motion to compel discovery.

We thank the Court for its consideration of this matter.

Thank you,

*/s/Barry M. Golden*
Barry M. Golden, Esq.
*Counsel for Defendant*